# EXHIBIT B

6/27/2019 1:46 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34727194
By: Joshua Hall
Filed: 6/27/2019 1:46 PM

## 2019-44092 / Court: 269

No. _____

| | | |
|---|---|---|
| JOSEPH R. WILLIE, II, D.D.S. | § § § § § § | IN THE _____ JUDICIAL |
| VS. | § § | DISTRICT COURT OF |
| MODERN DENTAL PROFESSIONALS – HOUSTON P.C. d/b/a BRIGHT NOW! DENTAL CENTERS f/k/a CASTLE DENTAL AND SMILE BRANDS, INC. | § § § § § | HARRIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JOSEPH R. WILLIE, II, D.D.S., Plaintiff, and files his Original Petition and Request for Disclosure, complaining of MODERN DENTAL PROFESSIONALS – HOUSTON P.C. d/b/a BRIGHT NOW! DENTAL CENTERS f/k/a CASTLE DENTAL and SMILE BRANDS, INC., Defendants, and for cause of action shows:

### Discovery Control Plan

1. Plaintiff intends that discovery be conducted under Level 2 and affirmatively pleads that he seeks monetary relief over $100,000 but not more than $200,000 and nonmonetary relief.

## Parties and Service of Citation

2. Plaintiff, Joseph R. Willie, II, D.D.S., individual, is a resident of Harris County, Texas.

3. Defendant, Modern Dental Professionals – Houston P.C. d/b/a Bright Now! Dental Centers f/k/a Castle Dental, is a public entity doing business in Texas and may be served with citation by serving its registered agent, CT Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136 by Certified Mail, Return Receipt Requested.

4. Defendant, Smile Brands, Inc., is a public entity doing business in Texas and may be served with citation by serving its Co-Founder and Chief Executive Officer, Steven C. Bilt, at 100 Spectrum Center Drive, Suite 1500, Irvine, California 92618 by Certified Mail, Return Receipt Requested.

## Jurisdiction and Venue

5. This Court has jurisdiction over the subject matter of this petition and the parties to this cause of action.

6. Venue is proper in Harris County, Texas because all or a substantial part of the events or omissions occurred in this county.

## Exhaustion of Administrative Remedies

7. Plaintiff timely filed with the U.S. Equal Employment Opportunity Commission (EEOC) a charge of discrimination against Defendants. Plaintiff files this original petition within 90 days of receiving a notice of the right to sue from the EEOC.

## Preliminary Facts

8.  In August 2013, Defendant, Modern Dental Professionals – Houston, P.C. d/b/a Bright Now! Dental Centers f/k/a Castle Dental (Modern Dental), a wholly owned subsidiary of Defendant, Smile Brands, Inc. (Smile Brands) hired Plaintiff as a General Dentist. Plaintiff started working at Defendant, Modern Dental's Fannin Street location in Houston, Texas. However, Plaintiff received his paycheck from Defendant, Smile Brands in Irvine, California.

9.  At the inception of his employment, Defendant Modern Dental agreed to Plaintiff having part – time employment without any production requirements. During Plaintiff's employment, he did not receive any customer complaints or verbal and/or written reprimands regarding his job performance. Plaintiff's performance evaluations were above satisfactory and/or excellent. In January 2015, Defendant, Modern Dental's Fannin Street location received an Award of Excellence from Sarah Huber, the Regional Vice President, Central of Defendant, Smile Brands.

10. The morning of Plaintiff's termination on November 6, 2015, Dr. Anita Knox, Director of Clinical Care, an employee of Defendants, verbally terminated Plaintiff's supervisor, James Wallis, D.D.S., who is over 40 years of age with 40 years of dental experience, as the Chief of Staff and Lead Dentist. Dr. Knox verbally terminated Plaintiff, who is over 40 years of age with 33 years of dental experience, in the afternoon. Dr. Knox informed Plaintiff that Defendant, Modern Dental had to "let [him] go." When he asked about the reason for his termination, Dr. Knox informed Plaintiff it was not related to job performance or any customer complaints. Plaintiff was not given a particular reason. Dr. Knox told Plaintiff that Defendant, Modern Dental was "going in another direction." The termination letter, signed by Jeffrey

3

Eakin, D.D.S., President of Defendant, Modern Dental, failed to state the basis for Plaintiff's termination.

11. It is Defendants' responsibility to promulgate and implement policies and procedures prohibiting age discrimination in the workplace. It is Defendants' responsibility and duty, by and through their managerial employees, servants, and/or agents, to treat all persons, including Plaintiff, in accordance with constitutional and statutory requirements and in accordance with the rules, regulations, policies and procedures of Defendants. Defendants, by and through their managerial employees, servants, and/or agents, have an affirmative duty to follow their own policies and procedures and are prohibited from discriminating against any individual on the basis of age.

## Age Discrimination

12. Plaintiff repeats and re-alleges and incorporates by reference Paragraphs 8 - 11 of his Original Petition and Request for Disclosure, inclusive and in their entirety.

13. Plaintiff is an employee within the meaning of the Age Discrimination in Employment Act (ADEA) and belongs to a class protected under the statute, namely, employees who are 40 years and older. Defendant is an employer within the meaning of the ADEA.

14. Plaintiff was qualified to perform the job of General Dentist. Plaintiff was subjected to an adverse employment action in that he was terminated. At the time of his termination, Plaintiff was 59 years old.

15. Plaintiff was replaced by person(s) outside the class protected by the ADEA. Subsequent to Plaintiff's termination, Andrew Smith, IV, D.D.S. was hired to replace Plaintiff as the General Dentist. Dr. Smith (29) was licensed in August 2015 and had less than six (6) months of dental experience in comparison to Plaintiff. After Dr. Wallis and Plaintiff's

4

terminations, there were no dentists over 40 years of age at Defendant, Modern Dental's Fannin Street location. At the time of Dr. Wallis and Plaintiff's terminations, the dentists hired had a combined dental experience equal to less than three (3) years.

16. After Dr. Smith was no longer working at Defendant, Modern Dental's Fannin Street location, Plaintiff was replaced by Gregory Stephanos, D.D.S. Dr. Stephanos (29) was licensed in August 2015 and had less than two (2) years of dental experience in comparison to Plaintiff. After Dr. Stephanos was no longer working at Defendant, Modern Dental's Fannin Street location, Plaintiff was replaced by Mohammad Hemmatian, D.D.S. Dr. Hemmatian (29) was licensed in June 2018 and has less than one (1) year of dental experience in comparison to Plaintiff.

17. Defendants, by and through their managerial employees, servants, and/or agents, discriminated against Plaintiff because of his age. Defendants, by and through their managerial employees, servants, and/or agents, subjected Plaintiff to different terms, conditions, and privileges of employment because of his age.

18. The acts of Defendants, by and through their managerial employees, servants, and/or agents, constitute discrimination based on age for which redress is provided by the ADEA. Defendants, by and through their managerial agents, employees, and/or servants, acted willfully, with malice, and/or with reckless indifference to the federally protected rights of Plaintiff.

19. Defendants, by and through their managerial agents, employees, and/or servants, failed to follow their policies against discrimination during the incidents made the basis of this suit. Defendants, by and through their managerial employees, servants, and/or agents, tolerated and failed to take affirmative action to correct these unlawful employment practices.

5

### Breach of Contract

20. Plaintiff repeats and re-alleges and incorporates by reference Paragraphs 8 - 11 of his Original Petition and Request for Disclosure, inclusive and in their entirety.

21. Plaintiff and Defendants executed a valid and enforceable employment contract. According to the terms of the employment contract, Plaintiff was a part – time employee without any production requirements. Plaintiff satisfactorily fulfilled his contractual obligations as a General Dentist to continue his employment for Defendant, Modern Dental. Defendants, by and through Jeffrey Eakin, D.D.S., President of Defendant, Modern Dental breached the employment contract by requiring Plaintiff increase his hours and/or days to continue his employment. Defendants, by and through Dr. Eakin, breached the employment contract by terminating Plaintiff because of "low productivity." Defendants' breach caused Plaintiff to suffer damages.

### Uniform Declaratory Judgment Act

22. Plaintiff repeats and re-alleges and incorporates by reference Paragraphs 8 - 21 of his Original Petition and Request for Disclosure, inclusive and in their entirety. Plaintiff seeks declarations under the Texas Uniform Declaratory Judgment Act, which includes but is not limited to (a) Plaintiff's employment status was a part – time employee, not full time; (b) Plaintiff's employment contract did not have any production requirements; (c) the employment contract did not require Plaintiff to increase his hours and/or days to continue his employment; (d) the employment contract did not require Plaintiff to increase productivity to continue his employment; and (e) Plaintiff suffered from Defendants' acts of discrimination on the basis of age.

## Damages

23. Plaintiff repeats and re-alleges and incorporates by reference Paragraphs 8 - 21 of his Original Petition and Request for Disclosure, inclusive and in their entirety.

24. Defendants, by and through their managerial agents, employees, and/or servants, violated the ADEA. As a direct and proximate result, Plaintiff suffered damages, including but not limited to lost past and future wages and benefits, including but not limited to loss of Social Security benefits and 401K, lost promotional opportunities, humiliation, embarrassment, and loss of enjoyment of life. Plaintiff seeks damages within the jurisdictional limits of the Court.

25. Defendants, by and through their managerial agents, employees, and/or servants, willfully violated the ADEA. As a direct and proximate result, Plaintiff is entitled to liquidated damages consisting of a doubling of full back pay and lost benefits. Plaintiff seeks liquidated damages in an amount to be determined at trial.

26. Defendants, by and through their managerial agents, employees, and/or servants, breached a contract. As a direct and proximate result, Plaintiff suffered damages, including but not limited to lost past and future wages and benefits, including but not limited to loss of Social Security benefits and 401K, lost promotional opportunities, emotional distress, mental anguish, humiliation, embarrassment, and loss of enjoyment of life. Plaintiff seeks unliquidated damages within the jurisdictional limits of the Court.

27. Defendants, by and through their managerial agents, employees, and/or servants, breached a contract. As a direct and proximate result, Plaintiff is entitled to recover nominal damages.

### Attorney's Fees

28.  Plaintiff is entitled to recover reasonable and necessary attorney's fees and costs under the ADEA and TEX. CIV. PRAC. & REM. CODE §37.009 and §38.001(8).

### Jury Demand

29.  Plaintiff demands a jury trial and will tender the appropriate fee.

### Request for Disclosure

30.  Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

WHEREFORE, PREMISED CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer, and that on final trial Plaintiff has:

1.  Declare Plaintiff's employment status was a part – time employee, not full time;
2.  Declare Plaintiff's employment contract did not have any production requirements;
3.  Declare the employment contract did not require Plaintiff to increase his hours and/or days to continue his employment;
4.  Declare the employment contract did not require Plaintiff to increase productivity to continue his employment;
5.  Declare Plaintiff suffered from Defendants' acts of discrimination on the basis of age;
6.  Award Plaintiff back pay, reimbursement for lost 401K, Social Security, and all other benefits;
7.  Award Plaintiff liquidated damages in an amount to be determined at trial;
8.  Award Plaintiff front pay and benefits in lieu of reinstatement;

9. Award Plaintiff additional compensatory damages in an amount to be determined at trial;

10. Award actual and nominal damages;

11. Award attorney's fees, including litigation expenses, and the costs of this action;

12. Award prejudgment and post - judgment interest; and

13. For such other and further relief, both general and special, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

WILLIE & ASSOCIATES, P.C

By: /s/ Shalanda D. Moore
Shalanda D. Moore, J.D.
Texas Bar No. 24013190
Joseph R. Willie, II, D.D.S., J.D.
Texas Bar No. 21633500
4151 Southwest Freeway, Suite 490
Houston, Texas 77027
Telephone:   (713) 659-7330
Facsimile:   (713) 599-1659
E-mail: attyjrwii@wisamlawyers.com
        attysdm@wisamlawyers.com

ATTORNEYS FOR PLAINTIFF,
JOSEPH R. WILLIE, II, D.D.S.