IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JOSEPH R. WILLIE, II, D.D.S.,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | Civil Action No.  4:19-cv-2559 |
| **MODERN DENTAL PROFESSIONALS** | § | |
| **– HOUSTON P.C. d/b/a BRIGHT** | § | |
| **NOW! DENTAL CENTERS** | § | |
| **f/k/a CASTLE DENTAL AND** | § | |
| **SMILE BRANDS, INC.,** | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO WILLIE AND ASSOCIATES,
P.C. AND PLAINTIFF'S MOTION TO QUASH AND MOTION FOR
PROTECTIVE ORDER, AND SEPARATELY,
DEFENDANTS' REQUEST TO FILE A MOTION TO COMPEL
<u>PLAINTIFF TO PRODUCE RELEVANT AUTHORIZATIONS</u>**

# **TABLE OF CONTENTS**

I.    FACTUAL BACKGROUND .................................................................. 2

    A.    Plaintiff's Employment With Castle Dental and His (Second)
        Lawsuit Allegations.......................................................................... 2

    B.    Plaintiff's Abandonment of Dentistry and His Unique History as a
        Vexatious Litigant who has Damaged His Own Reputation ....................... 3

    C.    The Discovery Sought by the Subpoena: Standard Income, Financial,
        Employment Records, and Disciplinary Records ......................................... 6

II.   SUMMARY OF THE ARGUMENT ....................................................... 8

III.  ARGUMENTS AND AUTHORITIES .................................................... 9

    A.    Discoverable Information............................................................... 9

    B.    Plaintiff's Law-Firm Employment, Income, And Disciplinary
        Records are Discoverable and Highly Relevant to His
        Mitigation and Alleged Damages................................................... 9

    C.    Plaintiff's Conclusory Objections to the Subpoena Based on
        Alleged Undue Burdens, Privacy, and Privilege Concerns
        Are Meritless ............................................................................... 13

    D.    Defendants Request that the Court Allow Defendants to
        Move to Compel Plaintiff to Produce Relevant Authorizations ................ 16

IV.   CONCLUSION .................................................................................. 17

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                 **Page(s)**

*Bahar v. Baumann*,
  2011 WL 4424294 (Tex. App.—Austin 2011, pet. denied) .......................................... 5

*Coughlin & Mistretta v. Jefferson Parish Sheriff*,
  946 F.2d 1152 (5th Cir. 1991) ........................................................................................ 9

*Green v. Trinh Dang La*,
  No. H–05–2097, 2006 WL 6569946 (S.D. Tex. Jan. 30, 2006)
  (Ellison, J.) (attached as Exhibit A-3)............................................................................ 4

*Handwerker v. AT&T Corp.*,
  211 F.R.D. 203 (S.D.N.Y. Sept. 30, 2002) .................................................................. 14

*Hansard v. Pepsi-Cola Metro. Bottling Co.*,
  865 F.2d 1461 (5th Cir. 1989) ...................................................................................... 10

*Hill v. City of Pontotoc, Miss.*,
  993 F.2d 422 (5th Cir. 1993) ........................................................................................ 11

*Johnson v. Martin*,
  473 F.3d 220 (5th Cir. 2006) ........................................................................................ 10

*Judy v. Pingue*,
  2009 WL 2146209 (S.D. Ohio July 14, 2009) .............................................................. 15

*Keller v. AT&T, Inc.*,
  2007 WL 9760901 (S.D. Tex. July 27, 2007)................................................................ 14

*Kimble Development, LLC v. Triple J Dirt Company*,
  2016 WL 7976127 (S.D. Miss. March 16, 2016) .......................................................... 16

*Lischka v. Tidewater Services, Inc.*,
  1997 WL 27066 (E.D. La. Jan. 22, 1997).............................................................. 15, 17

*Madrid v. Don Kelly Construction, Inc.*,
  2013 WL 1897826 (D. N.M. Apr. 24, 2013) ................................................................ 15

*Patterson v. P.H.P. Healthcare Corp.*,
  90 F.3d 927 (5th Cir. 1996) .......................................................................................... 10

*In re Santa Fe Intern. Corp.*,
  272 F.3d 705 (5th Cir. 2001) ........................................................................................ 16

*Stephens v. C. I.T. Group/Equip. Fin., Inc.*,
   955 F.2d 1023 (5th Cir.1992) .................................................................. 10

*Thomas v. Deloitte Consulting LP*,
   No. 3-02-CV-0343-M, 2004 WL 1372954 (N.D. Tex. June 14, 2004) ...................... 11

*W. v. Nabors Drilling USA, Inc.*,
   330 F.3d 379 (5th Cir. 2003) .................................................................. 10

*Willie v. Commission for Lawyer Discipline*,
   No. 01–11–00428–CV, 2012 WL 761241 (Tex.App.—Hou. [14th Dist.]
   March 8, 2012, pet. denied) (attached as Exhibit A-4).................................... 5

*Willie v. Commission for Lawyer Discipline*,
   No. 14–10–00900–CV, 2011 WL 3064158 (Tex.App.—Hou. [14th
   Dist.] July 26, 2011, pet. denied) (attached as Exhibit A-5)........................... 5

*Willie v. Commission for Lawyer Discipline*,
   No. 01–11–00433–CV, 2014 WL 586226 (Tex. App.—Hou. [1st Dist.]
   Feb. 13, 2014, pet. denied) (attached as Exhibit A-2) .................................. 4

*Willie v. Commission for Lawyer Discipline*,
   No. 14–13–00872–CV, 2015 WL 1245965 (Tex. App.—Hou. [14th
   Dist.] March 17, 2015, pet. denied) *(attached as Exhibit A-1)*....................... 4

*Willie v. State of Texas*,
   No. 01-16-00840-cv, 2017 WL 3526760 (Tex. App.—Hou. [1st Dist.]
   Aug. 17, 2017, no pet.)....................................................................... 2

## Other Authorities

FED. R. CIV. P. 26(b)(1), (5) ...............................................................9, 16

FED. R. CIV. P. 34(c)............................................................................ 9

FED. R. CIV. P. 45(d)(3)(A) ................................................................... 9

Defendants Modern Dental Professionals – Houston P.C. d/b/a Bright Now! Dental Centers f/k/a Castle Dental ("Castle Dental") and Smile Brands, Inc. ("Smile Brands") (collectively, "Defendants") file their Response in Opposition Willie & Associates, P.C. and Plaintiff Joseph R. Willie's ("Plaintiff's") Motion to Quash Defendant's Deposition by Written Questions and Subpoena Duces Tecum and Motion for Protective Order ("Motion to Quash") (Dkt. No. 17). Separately, herein Defendants ask the Court for a discovery conference on (or permission to file) a motion to compel Plaintiff to produce relevant tax, social security, and employment record authorizations which Plaintiff has also refused to provide in response to written discovery.

Defendants request the Court deny Plaintiff's Motion to Quash and respectfully move the Court for an order compelling Plaintiff and his law firm, Willie & Associates P.C., to respond to the subpoena and produce relevant information related to Plaintiff's income, employment records, and other matters which bear directly on Plaintiff's claims, alleged economic damages, and alleged mitigation efforts, off-sets, and alleged "mental anguish, emotional distress, humiliation, and embarrassment" damages. Despite repeated requests to produce this discoverable and relevant information, Plaintiff and his law-firm refuse to produce it and have filed the instant Motion to Quash in an effort to circumvent basic discovery obligations.[1]

---

[1] Defendants object to Plaintiff's Motion to Quash because it was hastily filed in manner that is not in compliance with the Court's local rules. Under Rule 15, Plaintiff was first required to receive permission from the Court before filing any discovery motions. *See* JUDGE ESKRIDGE LOCAL RULE 15(c)-(d). Although Plaintiff issued correspondence to the Court on December 11, 2019 requesting the right to file a Motion to Quash, he never received permission to file the

# I.
# FACTUAL BACKGROUND

**A.**   **Plaintiff's Employment With Castle Dental and His (Second) Lawsuit Allegations.**

This is an employment discrimination case involving a _highly unusual Plaintiff_. Plaintiff was a former at-will employee who worked as a General Dentist for Castle Dental from August 19, 2013 until November 6, 2015. He was employed part-time and worked as a dentist on average about two days per week. Plaintiff was terminated in November 2015 after he declined a request to work more or increase productivity.

In this lawsuit, Plaintiff asserts an age discrimination claim arising out of the termination of his employment, and a claim that Defendants somehow breached his _at-will_ employment offer letter "contract" by terminating his employment. _See_ Pl.'s Orig. Pet. (Doc. No. 1-2 at ¶¶ 12-22). This is Plaintiff's _second_ lawsuit against Defendants in the very recent past. The first lawsuit—a meritless "_qui tam_" action—was dismissed after the State of Texas intervened, and Plaintiff was ordered to pay costs. _See Willie v. State of Texas_, No. 01-16-00840-cv, 2017 WL 3526760 (Tex. App.—Hou. [1st Dist.] Aug. 17, 2017, no pet.).

Plaintiff's second lawsuit against Defendants has no more merit than Plaintiff's first lawsuit. By way of background, Plaintiff was hired by Castle Dental in 2013 when he was 57 years old. On the day that Plaintiff was terminated in November 2015 he was 59 years old. Moreover, Dr. Jeffrey Eakin—the President of Castle Dental who made the

---

instant Motion. While Defendants reluctantly file this Response in Opposition to Plaintiff's Motion, the Motion to Quash should not have been filed.

decision to terminate Plaintiff's employment—was <u>58 years old</u> when he terminated Plaintiff. In addition, as an <u>at-will</u> employee, Castle Dental could terminate Plaintiff for any reason without breaching any offer letter "contract." Setting aside the meritless nature of Plaintiff's age and contract claims, Defendants are entitled to obtain relevant discovery on them.

**B.** **<u>Plaintiff's Abandonment of Dentistry and His Unique History as a Vexatious Litigant who has Damaged His Own Reputation.</u>**

After Plaintiff's termination from Castle Dental in late 2015, he subsequently abandoned work as a part-time dentist and now only works as a full-time attorney at his private law firm, Willie & Associates, P.C. (which represents him in this case). Given that Plaintiff has abandoned dentistry and now only works as an attorney, Plaintiff's income from his law-firm, and his continuous actions in damaging the legal reputation of his law-firm, are squarely relevant to his alleged damages, his failure to mitigate his alleged damages, off-sets to his alleged damages, and the alleged "mental anguish, emotional distress, humiliation, and embarrassment" damages he seeks to recover.

Simply stated, at a minimum Plaintiff's income from his legal practice has been significantly damaged by Plaintiff's own actions that are wholly independent of Castle Dental's decision to terminate his part-time dental employment. The public record reveals that Plaintiff is a vexatious litigant who has been given multiple suspensions from practicing law in Texas. Plaintiff received a probated suspension from August 2013 to August 2014 for lacking candor towards the tribunal and violating Rules 3.01, 3.03(a)(1), and 8.04(a)(3) wherein he was found, among other things, to have "knowingly made a

false statement of material fact or law to the court." *Willie v. Commission for Lawyer Discipline*, No. 14–13–00872–CV, 2015 WL 1245965 (Tex. App.—Hou. [14th Dist.] March 17, 2015, pet. denied) (attached as Exhibit A-1). Plaintiff also received a probated suspension from February 2011 to February 2012 for, among other things, misusing client funds (violating Rules 1.01(b)(1), 1.14(a) and 1.14(c)). *Willie v. Commission for Lawyer Discipline*, No. 01–11–00433–CV, 2014 WL 586226 (Tex. App.—Hou. [1st Dist.] Feb. 13, 2014, pet. denied) (attached as Exhibit A-2).  In connection with these two suspensions, Plaintiff was ordered to pay the Texas State Bar $12,428.16 and $24,408.20, respectively. It appears the I.R.S. has also previously taken action against Plaintiff for forcing a law-firm employee to sign a Form 1099 for wages (instead of a Form W-2) and for not paying required withholdings and evading taxes. In that action the I.R.S. "levied [Plaintiff's] accounts to collect the liabilities in question." *Joseph Willie II v. Commissioner of the I.R.S.*, U.S. Tax Court, Docket No. 14488-04L (Plaintiff's attempt to appeal to the 5th Circuit was dismissed in Case No. 05-61183).

Plaintiff cannot practice in the Southern District of Texas due in part to his State Bar suspensions (*see In re Admissions*, C.A. No. 4:00-mc-47716), and he has been repeatedly sanctioned by courts (including the Southern District of Texas) for abusive litigation tactics (including death penalty sanctions and large monetary sanctions). A few of the many examples include: *Green v. Trinh Dang La*, No. H–05–2097, 2006 WL 6569946 (S.D. Tex. Jan. 30, 2006) (Ellison, J.) (dismissing plaintiff's claims with prejudice "as a sanction for the dishonest and abusive tactics that Plaintiff's counsel [Mr. Willie and Ms. Moore] has employed in this case" including "bad faith" filings) (attached

as Exhibit A-3); *Bahar v. Baumann*, 2011 WL 4424294 (Tex. App.—Austin 2011, pet. denied) (trial court granted $20,000 in sanctions against Joseph Willie and Shalanda Moore individually after several discovery disputes before dismissing appeal).

Plaintiff and his law-firm have also routinely and repeatedly engaged in scorched earth litigation practices. By our count, Plaintiff has filed over 25 meritless petitions for writs of mandamus in the past 8-9 years alone (often 2 or 3 times in the same case), none of which were granted by any court in Texas, and many of which involve sanctions against Plaintiff and his law-firm. It appears Plaintiff and his law-firm have a form mandamus petition ready to go for any court ruling that goes against them. Plaintiff has also repeatedly, and baselessly, attempted to sue the Commission for Lawyer Discipline, including seeking to recover mental anguish and punitive damages, despite the fact it is well-established the Commission is entitled to sovereign immunity from any such claims. *See, e.g., Willie v. Commission for Lawyer Discipline*, No. 01–11–00428–CV, 2012 WL 761241 (Tex.App.—Hou. [14th Dist .] March 8, 2012, pet. denied) (affirming the dismissal of Plaintiff's claims seeking "to recover actual and exemplary damages from the Commission based upon his claims for intentional infliction of emotional distress, conspiracy, and equal protection and due process violations.") (attached as Exhibit A-4); *Willie v. Commission for Lawyer Discipline*, No. 14–10–00900–CV, 2011 WL 3064158, at *4 (Tex.App.—Hou. [14th Dist .] July 26, 2011, pet. denied) (affirming the dismissal of Plaintiff's claims "for intentional infliction of emotional distress against the Commission seeking monetary damages" and "claims for civil conspiracy and Equal Protection and Due Process violations under 42 U.S.C.A. § 1985(3).") (attached as

Exhibit A-5). In summary, Plaintiff's regular and ongoing legal abuses have irreparably damaged his reputation and income, and his law-firm's reputation and income, and the consequences of these actions bare directly on the alleged damages Plaintiff is seeking to recover in this lawsuit.

**C.    The Discovery Sought by the Subpoena: Standard Income, Financial, Employment Records, and Disciplinary Records.**

Plaintiff's Complaint seeks to recover past and future wages, "mental anguish, emotional distress, humiliation, and embarrassment" damages, "lost" Social Security benefits and 401(k) benefits, and attorney's fees. *See* Pl.'s Orig. Pet. (Dkt. No. 1-2 at ¶¶ 23-27). On October 17, 2019, Defendants propounded standard discovery requests to Plaintiff, including requests that Plaintiff provide copies of his complete tax returns since 2015 to the present, and execute original copies of various releases for his relevant tax returns, Social Security records, and employment records. (Exhibit B, *Defendants' Discovery Requests and Authorizations*). Defendants also requested Plaintiff to identify his sources of income since his termination and provide information about his previous litigation, and disciplinary record. (*Id*. at Request for Production No. 17 and Interrogatory Nos. 4 & 9). Plaintiff objected to and initially refused to produce any of these records and authorizations. (Exhibit C, *Plaintiff's Responses and Objections to Discovery*). At the same time, Plaintiff's interrogatory responses explained that that he has not worked or sought work as a dentist since his employment with Castle Dental ended in late 2015, but instead works as an attorney for his law-firm, Willie & Associates, P.C. (*Id*. at Interrogatory Response Nos. 6-8).

In light of Plaintiff's failure to produce documents, information, and authorizations related to his financial and employment history, on December 3, 2019 Defendants served their Notice of Intention to Take Deposition by Written Questions on the Custodian of Records of Plaintiff's employer, Willie & Associates, P.C. and an attached subpoena (Exhibit D, *Subpoena To Willie & Associates, P.C.*). The subpoena sought the following:

1) All personnel file and employment related documents for Joseph R. Willie, II.

2) All documents reflecting compensation, income, payments, or profit-sharing that Joseph R. Willie, II has received from 2014 to the present, including, but not limited to all Form W-2s and Form 1099s.

3) All employment agreements, compensation agreements, or profit-sharing agreements between Willie & Associates P.C. and Joseph R. Willie, II.

4) All documents relating to disciplinary action taken against Joseph R. Willie, II for his suspensions by the Texas State Bar or the Commission for Lawyer Discipline from 2011 to the present.

(*Id.*).

Only after Defendants served this subpoena did Plaintiff subsequently produce partial and incomplete tax returns for 2015, 2016, and 2017. However, Plaintiff still withheld all the relevant Form 1099s and Form W-2s that would be required to properly report or assess his income, and he failed to produce his 2018 tax return. Plaintiff has since informed the Court that he has failed to file any tax return for 2018. *See* Plaintiff's December 20, 2019 letter to the Court. Plaintiff also refused to produce any authorizations so that Defendants could obtain the complete tax relevant returns from the

IRS since 2015, relevant Social Security records (for earnings history) since 2015, and relevant his employment records.

Counsel for Defendants repeatedly conferred with Plaintiff's counsel, including by letter on November 20, 2019 (and via email multiple times since), has asked Plaintiff to withdraw his objections and produce the responsive records, documents, and authorizations to discovery and in response to the subpoena. Defendants also explained to Plaintiff's counsel that the subpoena sought documents relevant to Plaintiff's claims and alleged damages. (Exhibit E, *Correspondence Between Counsel Regarding Discovery and Subpoena*). However, Plaintiff has refused to comply with Defendants' discovery requests. Plaintiff's law firm has refused to respond to the subpoena and instead filed the instant Motion to Quash.

## II.
## SUMMARY OF THE ARGUMENT

Defendants specifically request the Court require Plaintiff's law-firm to produce the relevant documents sought by the subpoena:   Plaintiff's personnel file and employment/compensation agreements, documents reflecting his compensation from 2014 to present, including his Form W-2s and Form 1099s, as well as documents relating to his disciplinary history with the Texas State Bar or the Commission for Lawyer Discipline from 2011 to the present.  They are all relevant to damages Plaintiff seeks to recover in this lawsuit.

8

# III.
# ARGUMENTS AND AUTHORITIES

**A.**     **Discoverable Information.**

The proper scope of discovery concerns "any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). The information sought is relevant "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*   Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.*; *Coughlin & Mistretta v. Jefferson Parish Sheriff*, 946 F.2d 1152, 1159 (5th Cir. 1991) (noting relevance encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case").

A party may subpoena nonparties if the testimony or materials sought are otherwise discoverable. FED. R. CIV. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection"). Rule 45(d)(3) lists the exclusive grounds for quashing nonparty subpoenas. A court must quash or modify a Rule 45 subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A).

**B.**     **Plaintiff's Law-Firm Employment, Income, And Disciplinary Records Are Discoverable And Highly Relevant To His Mitigation and Alleged Damages.**

Plaintiff's law-firm has refused to produce Plaintiff's personnel file and employment agreements, documents reflecting his compensation from 2014 to present,

9

including his W-2 and Form 1099s, as well as documents relating to his disciplinary history with the Texas State Bar or the Commission for Lawyer Discipline from 2011 to the present. Plaintiff's contention that the employment, income, and disciplinary records sought by Defendant are not relevant to this lawsuit is wholly without merit. (Dkt. No. 17 at ¶¶ 11-12). Under the ADEA, plaintiffs have a duty to mitigate their alleged damages. *W. v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 393 (5th Cir. 2003); *Hansard v. Pepsi-Cola Metro. Bottling Co.*, 865 F.2d 1461, 1468 (5th Cir. 1989). Plaintiff's duty to mitigate not only includes obtaining employment substantially equivalent to the previous employment but also the duty "to make reasonable and good faith efforts to maintain that job once accepted." *Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927 (5th Cir. 1996). Further, under the ADEA, "[c]ourts uniformly offset interim earnings from back pay awards in order to make the plaintiff whole, yet avoid windfall awards." *Johnson v. Martin*, 473 F.3d 220, 222 (5th Cir. 2006); *see Stephens v. C. I.T. Group/Equip. Fin., Inc.,* 955 F.2d 1023, 1028 (5th Cir.1992) (stating in the context of the ADEA, courts must offset lost wage awards with post-termination earnings). For this reasons, courts routinely grant access to plaintiffs' employment and income/financial records in employment discrimination cases.[2]

---

[2] There are scores (if not hundreds) of Southern District of Texas cases wherein the Court compelled a plaintiff to produce an executed authorizations for tax, social security, and employment records in the custody of third parties. To say such orders are "routine" does not adequately describe how frequent and fundamental the right to discover an employee's financial and employment history is in employment discrimination cases. *See, e.g., Polasek v. JPMorgan Chase Bank, N.A.*, Civil Action No. 4:14-cv-01695 (Dkt No. 20 "Oral Order" of August 20, 2014) (S.D. Tex. 2014) (Johnson, J) ("ORAL ORDER granting [12] MOTION to Compel Unaltered Employment Records and Tax Returns Authorizations (Signed by Magistrate Judge Nancy K. Johnson)") (compelling age discrimination plaintiff to execute authorizations); *McNiel*

In the self-employment context, the Fifth Circuit and many other courts have found self-employment records and earnings highly relevant to both mitigation and damage offsets, and that such records might encompass evidence integral to the viability of the case. *See, e.g., Hill v. City of Pontotoc, Miss.*, 993 F.2d 422, 427 (5th Cir. 1993) (noting district court correctly reduced award to represent interim earnings from self-employment). Further, the Northern District of Texas and Third Circuit Court of Appeals have specifically held that self-employment opens up numerous relevant questions on the issue of mitigation and offsets in age discrimination cases:

> "[H]as the plaintiff drawn a salary which reduced, if not eliminated the year-end profit? Have personal expenses, normally paid by a wage earner from a salary, been absorbed by the business, e.g., personal car expenses, insurance, vacations and other personal expenses? Have dividends been paid? Have profits been earned? Have particular expenses been appropriately offset against revenues? Have profits been reinvested in capital assets and have reserves been established? If so, how should they be treated in a mitigation context. Has the plaintiff benefited by an increase in value of the business?"

*Thomas v. Deloitte Consulting LP*, No. 3-02-CV-0343-M, 2004 WL 1372954, *4 (N.D. Tex. June 14, 2004) citing *Carden v. Westinghouse Elec. Corp.*, 850 F.2d 996, 1005–06 (3d Cir. 1988).

---

*v. The Target Corp.*, Civil Action No. H-09-2463 (Dkt No. 38 Order of February 8, 2010) (S.D. Tex. 2010) (Smith, J.) (granting motion to compel requiring plaintiff to provide an executed authorization for her tax returns 4 years); *Richey v. Wal-Mart Stores, Inc.*, Civil Action No. H-08-18 (Dkt. No. 40 "Order on Motions" of May 22, 2008) (S.D. Tex. 2008) (Hughes, J) (ordering plaintiff to execute employment records authorization and social security records authorizations); *Chavez v. Sumner*, Civil Action H-10-0313 (Dkt No. 85 "Order of January 6, 2011) (S.D. Tex. 2011) (Smith, J) (ordering the plaintiff to produce "an authorization allowing defendant to obtain [the relevant] tax return directly from the IRS]" or the complete tax return itself.); *Belcher v. Prologis Mgmt, Inc.*, Civil Action No. H-05-4316 (Dkt No. 31 Order of Oct. 6, 2006) (S.D. Tex. 2006) (Malloy, J) (compelling race discrimination to "execute a release to obtain her employment records without delay").

Here, Plaintiff does not dispute that he stopped working as a dentist, has not looked for work as a dentist, and is now working full-time for his personal law firm. (Exhibit C, at Interrogatory Response Nos. 6-9). Plaintiff's employment and earning capacity *as an attorney* is, thus, highly relevant to his mitigation efforts following his termination from Castle Dental. Defendants are entitled to understand Plaintiff's true income, what profits and expenses have been incurred by this business, any professionally damaging actions he has taken in connection with his business, whether Plaintiff has sought work from paying clients, and the hours he worked (and could work) to mitigate his damages.

Defendants are also entitled to determine whether Plaintiff's reputation and his law-firm's reputations are so significantly or permanently damaged he cannot reasonably mitigate his alleged damages by practicing law. Furthermore, Plaintiff's continued failure to produce <u>any</u> of his Form 1099s and W-2s, and failure to file a 2018 tax return beg the question as to whether he is hiding sources of income. This is particularly true here because (1) Plaintiff's partial and incomplete tax returns (with no Form 1099s and No W-2s) reflect a very low income for an attorney operating his own law firm approximately ($55,860 in 2016 and $35,948 in 2017), and (2) the I.R.S. has previously taken action against Plaintiff for forcing an employee to sign Form 1099s for wages and for not making proper tax withholdings.

Plaintiff contends that his disciplinary history as an attorney should not be disclosed because (1) "there is no evidence that Plaintiff was disciplined . . . by the Texas State Bar or Commission for Lawyer Discipline for similar reasons proffered by

Defendant for Plaintiff's termination as a General Dentist" and (2) he "has no suspensions, reprimands, and/or other disciplinary actions against him as a dentist." *See* Motion to Quash at ¶12. This is entirely beside the point. Plaintiff's extensive disciplinary history as an attorney is not being sought to establish Plaintiff's previous habitual misconduct, but to analyze the reasonableness of Plaintiff using his personal legal business to mitigate his damages, whether Plaintiff could reasonably earn more income from other sources, or whether his own actions sabotaged his ability to earn more (or a reasonable) income in the legal profession. Further, given how damaging Bar suspensions are, and given Plaintiff's previous repeated attempts to sue the Commission on Lawyer Discipline for "mental anguish" damages, Plaintiff's disciplinary history and attempted counterclaims are also relevant to any alleged "mental anguish, emotional distress, humiliation, and embarrassment" damages he alleges were caused by Defendants.

**C.**     **Plaintiff's Conclusory Objections To The Subpoena Based On Alleged Undue Burdens, Privacy, And Privilege Concerns Are Meritless**.

Plaintiff has made no specific showing as to any proper grounds for justifying quashing the subpoena or otherwise entering a protective order in this case. Plaintiff contends the subpoena constitutes an impermissible fishing expedition, is an invasion of his privacy, and annoying and embarrassing. *See* Motion to Quash at pp. 3-5. However, as explained above, Plaintiff put his employment, income/finances, and disciplinary history at issue through his abandonment of dentistry and his claims for lost income and other financial damages.

13

The Southern District of Texas has specifically acknowledged that serving a subpoena on a plaintiff's current employer is merely "a consequence of [a plaintiff's] decision to pursue litigation." *See Keller v. AT&T, Inc*., 2007 WL 9760901, at *1 (S.D. Tex. July 27, 2007) (compelling plaintiff to provide the name and address of all employers for the last 10 years because "Defendants are entitled to subpoena records from [a plaintiff's] employers" for information regarding mitigation). Thus, any argument by Plaintiff of invasion of privacy is insufficient to warrant protection, particularly given the relevancy of the documents to Defendants' defenses. *See, e.g., Handwerker v. AT&T Corp.,* 211 F.R.D. 203, 209 (S.D.N.Y. Sept. 30, 2002) (holding that plaintiff's apprehensions that defendant's inquiries of her subsequent employer would be vexatious, embarrass her, and could endanger her current employment were insufficient to warrant protection). In any event, to the extent there are any legitimate privacy concerns, Defendants will agree to a reasonable protective order for such documents.

In addition, Plaintiff's contention the subpoena is not properly limited in time and scope is also contrary to clear law. As Plaintiff concedes, Defendants only requested Plaintiff's financial records from 2014 to the present — a time frame commonly approved by many courts. *See, e.g*., *Madrid v. Don Kelly Construction, Inc.*, 2013 WL 1897826, at *1 (D. N.M. Apr. 24, 2013) (employment law case compelling 10 years of tax records and employment information because it was reasonably related to the discovery of admissible evidence, applicable to the development of the facts of the case, and relevant to the defenses asserted); *Lischka v. Tidewater Services, Inc*., 1997 WL

27066 at *1-2 (E.D. La. Jan. 22, 1997) (affirming order from magistrate judge compelling plaintiffs to sign employment, tax, and Social Security authorizations).

Additionally, nine years of documents related to Plaintiff's disciplinary history with the State Bar of the Commission for Lawyer Discipline is relevant to his employability, damaged reputation, mitigation ability, motives, credibility, and alleged "mental anguish, emotional distress, humiliation, and embarrassment" damages in this case and is not temporally overbroad. *See, e.g., Judy v. Pingue*, 2009 WL 2146209, at *6 (S.D. Ohio July 14, 2009) (compelling relevant litigation history for ten years). Plaintiff also objects he should not be compelled to provide his disciplinary and litigation history because these claims are equally available on public databases. While this information may or may not be public, Plaintiff is in the best position to provide Defendants with this information, the existence of the proceedings itself are not confidential, and are relevant to the Defendant's defenses and the lawsuit. *Id.*

Finally, Plaintiff challenges the subpoena by making conclusory assertions it "requires disclosure of privileged or other protected matter." Motion to Quash at p. 3. Plaintiff bears the burden of demonstrating the requested materials are protected. *In re Santa Fe Intern. Corp.*, 272 F 3d 705, 710 (5th Cir. 2001) ("A party asserting a privilege exemption from discovery bears the burden of demonstrating its applicability.").[3] Instead

---

[3] A party asserting a privilege must at a minimum describe the nature of the documents and the basis of the privilege so the parties can assess the claim. *See Kimble Development, LLC v. Triple J Dirt Company*, 2016 WL 7976127 (S.D. Miss. March 16, 2016), at *1 (finding conclusory assertion of privilege inadequate;"[p]laintiffs have failed to identify, much less establish the applicability of, any specific privilege or other protection exempting the subpoenaed documents or information from discovery in this case"); FED. R. CIV. P. 26(b)(5)(A)(ii) (party asserting

15

of meeting his burden, Plaintiff attempts to place the burden on Defendants, suggesting it was somehow improper to subpoena materials because there was *the possibility* the request covered privileged matters. But it is Plaintiff's obligation, in asserting a privilege, to affirmatively set forth sufficient facts to demonstrate that materials are protected. This Plaintiff has not done. Aside from the conclusory assertion that "the records would have to be reviewed for claims of privilege" at a later date (Dkt. No. 17-2 at p. 2), Plaintiff has offered no evidence or declaration that the materials actually meet any recognized evidentiary privilege. Thus, he fails to establish his burden. Plaintiff's conclusory objections should be overruled.

**D.   Defendants Request that the Court Allow Defendants to Move to Compel Plaintiff to Produce Relevant Authorizations.**

Defendants' letter dated December 16, 2019 to the Court requested in part that the Court "hold a discovery conference or allow [Defendants] to file a Motion to Compel seeking . . . the requested tax return authorizations, Social Security authorizations, and employment records authorizations from Plaintiff." These authorizations are attached at the end of Exhibit B to this Response. "Rule 34, along with Rule 37, empowers federal courts to compel parties to sign written authorizations consenting to the production of various documents." *Lischka,* 1997 WL 27066, at *2. The tax return and Social Security information and documents will need to be obtained directly from the IRS and Social

---

privilege or protecting trial-preparation materials must "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim").

Security Administration. Defendants request the Court consider the authorizations issue in connection with any discovery conference or discovery ruling. If the Court would like any more specific briefing on the subject or on any particular issue, Defendants will be glad to provide it.

## IV.
## CONCLUSION

Defendants respectfully request the Court deny Plaintiff's Motion to Quash and compel Plaintiff to produce relevant information related to his income, employment, disciplinary history and previous litigation in response to the subpoena. Defendants also request the Court consider the request for signed authorizations that Plaintiff refuses to provide in a manner the Court deems appropriate.

Respectfully submitted,

 */s/ Jim Staley*
Jim Staley
Texas State Bar No. 24008071
Federal ID No. 23108
jim.staley@ogletreedeakins.com
**OGLETREE, DEAKINS, NASH,
   SMOAK, & STEWART, P.C.**
500 Dallas Street, Suite 3000
Houston, Texas 77002
Telephone: (713) 655-5758
Fax: (713) 655-0020

**ATTORNEYS FOR DEFENDANTS
MODERN CASTLE DENTAL AND SMILE
BRANDS, INC.**

17

**OF COUNSEL:**
J. Paul Rinnan
Texas State Bar No. 24074959
paul.rinnan@ogletreedeakins.com
**OGLETREE, DEAKINS, NASH,**
   **SMOAK, & STEWART, P.C.**
500 Dallas Street, Suite 3000
Houston, Texas 77002
Telephone: (713) 655-5752
Fax: (713) 655-0020

## CERTIFICATE OF WORD COUNT COMPLIANCE

     I certify that Defendants' Response to Plaintiff's Motion to Quash Defendant's Deposition by Written Questions and Subpoena Duces Tecum and Motion for Protective Order, and separately, Defendants' Motion to Compel complies with this Court's Local Rule 18(c), as it contains 4,572 words. I further certify that, in preparation of this Response/Motion, I used Microsoft Word 2016, and that this word processing program has been applied specifically to include all text required by local rules, including headings, footnotes, and quotations in the word count.

                         */s/ Jim Staley*
                         Jim Staley

## CERTIFICATE OF SERVICE

     I hereby certify that on January 6th, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                         */s/ Jim Staley*
                         Jim Staley

41292041.1